CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 21 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| DAVID CRAWLEY,<br>    Plaintiff, | Civil Action No. 7:15-cv-00647 |
| v. | **MEMORANDUM OPINION** |
| J. MICHAEL PARSONS, et al.,<br>    Defendants. | By:  Hon. Michael F. Urbanski<br>       United States District Judge |

David Crawley, a Virginia inmate proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against four defendants: J. Michael Parsons, an Assistant Attorney General of Virginia; Henry Ponton, a Regional Administrator for the Virginia Department of Corrections ("VDOC"); Leslie Fleming, the Warden of the Wallens Ridge State Prison ("WARSP"); and J. Mitchell, the Chaplain for WARSP inmates. Plaintiff claims that Defendants are liable for not allowing him to participate in Passover at WARSP in 2015, in violation of the First Amendment to the United States Constitution. Presently before the court is Parsons' motion for summary judgment, and after reviewing the record, the court grants the motion.

I.

Plaintiff considers himself a "Yahwist," who is a practicing member of the Assembly of Yahweh religion, and wanted to participate in WARSP's Passover program between April 4 and 11, 2015. Both he and his counselor, D. Rose, repeatedly attempted to add his name to the Passover participation list between December 2014 and April 2015, but Chaplain Mitchell ignored the requests. Consequently, Plaintiff was not allowed to participate in Passover.

Plaintiff is suing attorney Parsons because Plaintiff believes that Parsons failed to inform the former Warden of WARSP and his subordinates about a settlement order in a prior civil action about Plaintiff's religious dietary needs. Crawley v. Holloway, No. 7:14-cv-00084, slip

op. at 2 (W.D. Va. July 29, 2014). The parties signed the settlement on July 29, 2014, and the court approved the settlement terms by an order entered the same day. The parties agreed, inter alia, that Plaintiff was approved to receive the VDOC's Common Fare Diet and that the Office of the Attorney General agreed "to promptly communicate this order to the Warden at Wallens Ridge State Prison and to each of the Warden's designees." Parsons was the Assistant Attorney General assigned to communicate those instructions. Plaintiff believes that there would have been little chance he would have been omitted from Passover in April 2015 had Parsons effectuated the terms of the settlement order in July 2014.

The record reveals that Parsons emailed a copy of the settlement order to his paralegal on July 29, 2014 at 5:51 p.m. Parsons instructed her to forward the order to the WARSP Warden and to ask the Warden to promptly communicate the instructions to his designees. On the next day at 10:53 a.m., the paralegal emailed a copy of the settlement order as instructed to Warden Gregory Holloway, Operations Manager Rebecca Young, and staffer Kimberly D. Williams. Later that same day at 12:08 p.m., Operations Manager Young disseminated the instructions to WARSP staff.

## II.

A party is entitled to summary judgment if the pleadings, the disclosed materials on file, and any affidavits show that there is no genuine dispute as to any material fact. Fed. R. Civ. P. 56(a). Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A genuine dispute of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most

2

favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id.

Parsons has shown that there is an absence of evidence to support Plaintiff's claim against him. See, e.g., Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The record demonstrates that Parsons complied with the terms of the settlement order and had the order communicated to WARSP officials. In contrast, Plaintiff has not set forth specific facts based on personal knowledge to demonstrate the existence of a genuine dispute of fact for trial. See, e.g., id. at 322-24. Plaintiff's "[m]ere unsupported speculation . . . is not enough to defeat a summary judgment motion." Ennis v. Nat'l Ass'n of Bus. & Educ. Radio, Inc., 53 F.3d 55, 62 (4th Cir. 1995). Accordingly, Parsons is entitled to summary judgment because the record as a whole could not lead a rational trier of fact to find in Plaintiff's favor and against Parsons. See, e.g., Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

### III.

For the foregoing reasons, the court grants defendant Parsons' motion for summary judgment. The claims against defendants Ponton, Fleming, and Mitchell remain pending before the court.

**ENTER:** This 18th day of November, 2016.

/s/ Michael F. Urbanski
United States District Judge

3